Brinkerhoff, J.
The facts of this case, as they appear of record, are substantially these: Benjamin Graham, husband of defendant in error, on the 10th day of May, 1855, conv.eyed to his daughter Eliza Graham, then unmarried and living -with her father, without pecuniary consideration, a house and lot in the town of Putnam, Muskingum county. At the time the deed was made to the daughter, the father was not in debt. The deed to the daughter was not 44] entered *for record until the 16th day of November, 1857 ; and there is no evidence that it was ever delivered to the daughter. Between the time of making the deed and the time of its being entered for record, the father contracted debts to the amount of $6,000, and then became insolvent, and has ever since so remained, his indebtedness remaining unpaid.
The daughter afterward intermarried with Albert Sturges, and on the 24th day of December, 1860, the father, and Catharine his wife, and the daughter, and Albert Sturges, her husband, all joined in a conveyance of said house and lot, and received therefor the sum of $1,200. $200 of the purchase money was then paid over to said Catharine, and the balance, $1,000, was sent to said Albert Sturges, at Chicago, Illinois; and the said Albert sent it back to said Catharine, thus placing in the' hands of Catharine, wife of said Benjamin, in the year I860., $1,200-cash, being the proceeds of said house and lot, which money she kept until January, 1864, when she *45 laid it out for goods, and with the goods started a retail grocery-store in the name of Graham & Co., she and her husband living together as husband and wife, and both attending to the general business of the store, buying and selling, and trading generally, and living upon the profits of the store.
July 8, 1864, John Quigley, plaintiff in error, then being coroner ,and acting sheriff of Muskingum county, levied on the stock of goods in the grocery-store, to satisfy an execution in his hands against the said-Benjamin.
Thereupon the wife replevied.the stock of goods from the acting sheriff, and claims to hold them as her own separate property, exempt from sale to pay her husband’s debts.
The case was tried to a jury, and the above facts being made to appear in evidence, counsel for defendant below requested the court to charge the jury, among other things, this : That “the plaintiff' claims this property to have been purchased with money which was a gift. If you so find the fact, in order to entitle the plaintiff to recover, you must find that it was a gift to her separate use.”
The court refused so to charge the jury; and, responding to the request, replied: “ This is not the law.” And this is assigned for error.
*We are of opinion that the ruling of the court was erro- [45 neous.
This case is not governed by the act of May 1, 1861, “ concerning the rights and liabilities of married women; ” for the gift to Mrs. Graham was complete, and executed in -1860 — prior to .the passage of that act. That act was not retrospective in its operation, so as to affect the vested rights of a husband, or the rights of a creditor of the husband, to be worked out through him, nor'was it constitutionally competent for the legislature to make it so. Her rights are to be determined by the law as it stood prior to the passage of that act; and, so far as this case is concerned, that law was the common law; for the act of February 28, 1846, “in relation to the interest of husbands in the estates of their wives,” and the amendatory act of February 6, 1847, 3 Curw. Stat. 1262, 1325, related only to real estate, choses in action, bequests, legacies, and articles of furniture and household goods. ¥e are thus remitted to the inquiry as to what were the rights of Mrs. Graham, under the circumstances of this case, at common law. The court below seems to have ignored, or to have failed to recognize the distinction at *46 common law and in equity between the general property of the wife and her separate estate. And yet “the distinction between the general property of the wife and her separate estate is plainly marked; though the determining, in particular cases, to which class the property in controversy belonged has given rise to many nice discriminations. The goods, personal chattels, and estate of which the wife was actually beneficially possessed at the time of marriage, in her own right, and such other goods and personal chattels as came to her during marriage, belong to the first class. These, at common law, vested absolutely in the husband. The separate property of the wife is that of which she has the exclusive control, independent of her husband, and the proceeds of which she may dispose of as she pleases; and its character as such, in the absence of any statute on the subject, must be imparted to it by the instrument or title by which it is held." G-lidden, Murphin & Co. v. Taylor, 16 Ohio St. 517, and authorities there cited. See also Walden v. Walden, 7 Ohio St. 30. These principles are elementary and familiar. 46] *It became, then, on the trial of this case, material to inquire what was the character of this gift to Mrs. Graham ? Was it a gift to her generally, and without qualification? Did Sturges simply hand over to her the two hundred dollars at the time of the sale of the lot, and, on his return to Chicago, simply remit to her the one thousand dollars, without more ? If that was all there was of it, the money, on its receipt by her, vested at once in the husband and became bis money, although he may not have touched or seen it. See Clancy’s Husband and Wife, 262. If, however, on the other hand, the gift was accompanied by some instrument or unequivocal declaration to the effect that it was to and for her own separate use, free from the control of her husband, the case would be otherwise.
For error of the court below in refusing to charge the jury in accordance with .the seventh request of the defendant below, the judgment is reversed, new trial awarded, and cause remanded.
Day, C. J., and Scott, White, and Welch, JJ., concurred.